IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAVONDA SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>MCDONALD'S CORPORATION,<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Lavonda Smith, by and through undersigned counsel, and files this Complaint for Damages against Defendant McDonald's Corporation ("Defendant"), and states as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages for Defendant's violation of her rights under the the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.* ("ADA").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

5.

Defendant is and has been, at all times relevant to this Complaint, an employer as defined under 42 U.S.C. § 12111(5)(A), is qualified and licensed to do business in Georgia, and has conducted business within this District.

6.

At the time period relevant to this Complaint, Plaintiff was job applicant of Defendant as that term is used under the ADA at 42 U.S.C. § 12112(4).

7.

During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

8.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

## ADMINISTRATIVE PREREQUISITES

9.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) alleging disability discrimination in violation of the Americans with Disabilities Act ("ADA").

10.

The EEOC issued a "Notice of Right to Sue" on March 9, 2021, entitling an action to be commenced within ninety (90) days of receipt of that notice. This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## **FACTUAL ALLEGATIONS**

11.

In August 2020, Plaintiff applied for a position with the McDonald's located at 1291 Bells Ferry Road in Mableton, Georgia.

12.

Plaintiff suffers from a disability, within the meaning of the ADA.

13.

More specifically, Plaintiff is confined to a wheelchair.

14.

Plaintiff disclosed to Defendant that she was a person with a disability on her application.

15.

As the application did not request the nature of the disability, Plaintiff did not provide additional details.

16.

Plaintiff was granted an interview with Defendant.

17.

When Plaintiff attended the scheduled interview on August 19, 2020, she met with the General Manager, Irelda Guerro.

18.

The interview lasted only two or three minutes before Plaintiff was dismissed by Ms. Guerro.

19.

Defendant did not offer Ms. Smith a position.

20.

Defendant never provided an explanation to Ms. Smith regarding its decision not to hire her.

21.

Following the interview, Ms. Guerro informed an employee at another location that Plaintiff would not be hired as she was in a wheelchair, and that Ms. Guerro did not have a position open for her. No other reason was given for refusing to hire Plaintiff.

22.

Defendant failed to hire Plaintiff because of her disability or perceived disability.

23.

In failing to hire Plaintiff, Defendant discriminated against Plaintiff because of her disability.

24.

Plaintiff has suffered lost wages and emotional distress as a direct result of Defendant's unlawful actions.

## **CLAIMS FOR RELIEF**

## **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

25.

Plaintiff re-alleges paragraphs 1 to 24 as if set forth fully herein.

26.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions by covered entities based on a known disability of the employee.

27.

At times relevant to this action, Plaintiff was and has been a "qualified individual" as that term is defined by the ADA.

28.

At times relevant to this action, Defendant was and has been an employer and covered entity as defined by the ADA.

29.

At times relevant to this action, Defendant and the individual(s) involved in the decision to fail to hire Plaintiff were aware of Plaintiff's disability, including at the time of Defendant's failure to hire of Plaintiff.

30.

Plaintiff's disability or perceived disability was a determinative factor in Defendant's decision to fail to hire Plaintiff.

31.

At all times relevant, Plaintiff could perform the essential functions of her position.

32.

Defendant "regarded" Plaintiff as having a "disability" under the ADA.

33.

In failing to hire Plaintiff, Defendant discriminated against Plaintiff because of her disability, thus violating Plaintiff's rights under the ADA entitling her to all appropriate relief thereunder.

34.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

35.

Defendant discriminated against Plaintiff, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has not only deprived Plaintiff of equal employment opportunities, but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

36.

Plaintiff is entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Special damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

This 14th day of April, 2021.

          **BARRETT & FARAHANY**

          s/ *Matthew C. Billips*
          Matthew C. Billips
          Georgia Bar No. 057110
          Grace A. Starling
          Georgia Bar No. 464958

          *Attorneys for Lavonda Smith*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com
grace@justiceatwork.com